# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JON CHRISTOPHER STOUNE,

        Petitioner,

vs.                            Case No.:   3:18-cv-204-MMH-PDB
                                                   3:15-cr-89-MMH-PDB

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

This case is before the Court on Jon Christopher Stoune's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 25, Amended § 2255 Motion) and Affidavit (Civ. Doc. 26-1, Affidavit).[1] A jury convicted Stoune of attempted enticement of a minor to engage in illegal sexual activity, advertising to receive and produce child pornography, and attempted production of child pornography. Stoune argues that trial counsel gave ineffective assistance, that 18 U.S.C. § 2422 is unconstitutional, and that the Court has wrongly denied him free copies of court records. The United States filed a response in opposition to the Amended § 2255 Motion. (Civ. Doc.

---

[1]     Citations to the record in the underlying criminal case, United States vs. Jon Christopher Stoune, No. 3:15-cr-89-MMH-PDB, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:18-cv-204-MMH-PDB, will be denoted "Civ. Doc. __."

42, Response). Stoune filed a reply and a Supplemental Affidavit. (Civ. Doc. 48, Reply; Civ. Doc. S-51, Supp. Affidavit). Thus, the case is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons below, Stoune's Amended § 2255 Motion is due to be denied.

## I.   Background

On January 27, 2016, a federal grand jury returned a three-count Superseding Indictment (Crim. Doc. 27) against Stoune. The grand jury charged Stoune with (1) attempted enticement of a minor to engage in illegal

---

[2]    Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3]    Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

sexual activity, in violation of 18 U.S.C. § 2422(b), (2) advertising the receipt and production of child pornography, in violation of §§ 2251(d)(1)(A), 2251(d)(2)(B), and 2251(e), and (3) attempted production of child pornography, in violation of §§ 2251(a) and 2251(e). (<u>Id.</u>). Stoune pleaded not guilty and proceeded to trial.

The Eleventh Circuit Court of Appeals summarized the facts:

Stoune was convicted following a two-day jury trial. The evidence introduced at trial showed that over the course of approximately five weeks, Stoune engaged in a series of sexually explicit text- and Internet-based conversations with "Emily Shannon," a fictitious 14-year-old deaf girl. Unbeknownst to Stoune, he was actually communicating with Sergeant George Stephen Gazdick of the St. Johns County Sheriff's Office, who was participating in an undercover sting operation.

As the conversations began, Stoune identified himself as Mycroft James Holmes. But Emily questioned whether this was Stoune's real name, indicating that a simple Internet search revealed that Mycroft Holmes is a fictional character—the elder brother of detective Sherlock Holmes. Through some crafty detective work of his own, Sergeant Gazdick was able to uncover Stoune's true identity, which was not disputed at trial.

As the conversations continued, Stoune requested that Emily send pictures of herself, and he sent Emily numerous photos and videos of his genitalia. Stoune also told Emily about bondage, dominance, and sadomasochism ("BDSM") and discussed his desire for Emily to be his subordinate sex partner. On multiple occasions throughout these exchanges, Stoune expressed knowledge of Emily's age and of the illegality of his actions.

At Stoune's request, the two eventually agreed to meet in person. The police apprehended Stoune at the pre-determined meeting location, where he possessed a plethora of BDSM and other sex paraphernalia. After Stoune was arrested, he admitted to Sergeant

Gazdick that he had arrived to meet a 14-year-old girl he met online but claimed he did not intend to have sex with her. Stoune further indicated that he thought he was engaged in role-playing, although his prior messages to Emily expressly debunked that idea.

At trial, Detective Gazdick testified in detail concerning the events that led to Stoune's arrest. During cross-examination, Stoune questioned Detective Gazdick concerning his false representations to Stoune, such as by posing as Emily. Detective Gazdick admitted that he was engaged in role-playing himself. But on redirect, Detective Gazdick further stated, "You don't sell narcotics in a police uniform." As part of the same line of questioning, the prosecutor then asked the following question: "And so do you have any idea or any opinion, based upon your training and experience, as to why a subject that you were chatting online with would provide you with a false name?" Stoune immediately objected on the ground that "I think that goes beyond his expertise." The district court overruled the objection, and Sergeant Gazdick responded, "To avoid detection. To avoid being caught."

During his closing argument, Stoune argued that the jury should not find him guilty of enticement in part because he did not intend to have sex with a child. In rebuttal, after discussing the evidence establishing Stoune's intent, the prosecutor posed a rhetorical question to the jury: "Is there anyone who doesn't believe that if the defendant had met the child [Emily], that sex would not have occurred?" Stoune objected, and the district court instructed the prosecutor to "move on," which the prosecutor did. The jury ultimately found Stoune guilty as charged.

<u>United States v. Stoune</u>, 694 F. App'x 688, 689–90 (11th Cir. 2017). After trial, the case proceeded to sentencing on August 15, 2016 (Crim. Doc. 72, Minute Entry), at which the Court sentenced Stoune to concurrent terms of 210 months in prison as to each count of conviction (Crim. Doc. 73, Judgment).

Stoune appealed, "argu[ing] that he was deprived of a fair trial because the district court (1) failed to give a curative instruction following the

prosecutor's improper closing argument and (2) permitted lay opinion testimony from a government witness." <u>Stoune</u>, 694 F. App'x at 689. The court of appeals rejected these arguments based in part on the "overwhelming" evidence of guilt, thereby affirming Stoune's conviction and sentence. <u>Id.</u> at 689-91.

Stoune then petitioned the United States Supreme Court for a writ of certiorari. However, the Supreme Court denied certiorari review on October 2, 2017. <u>Stoune v. United States</u>, 138 S. Ct. 159 (2017); (Crim. Doc. 107). The Amended § 2255 Motion timely followed.

## II.    Discussion

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; and (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. <u>United States v. Addonizio</u>, 442 U.S. 178, 184-86 (1979); <u>Spencer v. United States</u>, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed

5

error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)). The Supreme Court has recognized that a petitioner's claim that he received ineffective assistance of counsel in violation of the Sixth Amendment is properly brought in a collateral proceeding. Massaro v. United States, 538 U.S. 500, 504 (2003).

To establish ineffective assistance of counsel, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether the petitioner has satisfied the first requirement, that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994) (citing Strickland, 466 U.S. at 688). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "'wide range of professionally competent assistance.'" Scott v. United States, 890 F.3d 1239, 1258 (11th Cir. 2018) (quoting Payne v. Allen, 539 F.3d 1297, 1315 (11th Cir. 2008)). In other words, "[t]he standard for effective assistance of counsel is reasonableness, not perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (citing Strickland, 466 U.S. at 687). To satisfy the second requirement, that counsel's deficient performance prejudiced the defense, the petitioner must show a

reasonable probability that, but for counsel's error, the result of the proceeding would have been different. <u>Martin</u>, 949 F.3d at 667 (citing <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010)). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. <u>Strickland</u>, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697; <u>see also</u> <u>Wellington v. Moore</u>, 314 F.3d 1256, 1261 n.1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

### A. Ground One

Stoune alleges that trial counsel gave ineffective assistance, from start to finish, in a laundry list of ways. Amended § 2255 Motion at 4-10. He claims that counsel failed to adequately investigate the prosecution's case, and in doing so

> he missed attempted entrapment; lack of probable cause; the investigators['] heavy investment and subsequent vested interest in making sure Movant was found guilty of some crime; false arrest; illegal search and seizure of Movants property from his person; illegal search of Movants vehicle; illegal seizure of said vehicle; illegal collection of statements; false imprisonment; defective warrant to search property; defective warrant to search the vehicle; defective warrant to arrest Movant.

<u>Id.</u> at 4. Stoune continues on the following page. He contends that counsel

> fail[ed] to test the issuance, sufficiency of alleged nexus and
> elements of charged conduct, and how indictment was served or
> Movant notified that he had been indicted by the Government. Due
> to this he failed to find selective prosecution; lack of jurisdiction to
> charge Movant; erroneous elements; violation of the speedy trial act
> (indictment issued June 20, 2018; 70 day time ran out on August
> 11, 2018; Movant was never informed of the indictment nor his
> rights while in state custody.); indictment lacked fair notice and to
> inform Movant of the Nature and cause of the Actions Alleged.

Id. at 5. Stoune alleges that counsel failed to advocate for him during the pretrial period "in any meaningful way." Id. For example, he asserts that counsel deliberately kept him ignorant, ignored Stoune's requests for a polygraph or psychological testing, and failed to investigate or subpoena witnesses that he does not identify by name. Id. at 5-6. Stoune contends that counsel should have objected to the Superseding Indictment as vindictive because the United States threatened to charge him with offenses carrying a 15-year mandatory minimum sentence if Stoune did not accept the United States' first plea offer (which involved an offense carrying a 10-year mandatory minimum). Id. at 6.

Continuing his allegations, Stoune asserts that counsel "did nothing prior to trial to prepare the Movant for what to expect or to take the stand in his own defense," failed to properly question prospective jurors during voir dire, and failed to object to an unidentified biased juror. Id. at 6-7. According to Stoune, counsel failed to investigate unidentified witnesses and, once at trial, failed to object to testimony or prosecutorial statements that allegedly biased the jury.

Id. at 7. In addition to other errors, Stoune asserts that counsel allowed a lay witness for the government to offer an expert opinion, discouraged Stoune from testifying, failed to offer a defense, and failed to ensure that the jury was properly instructed. Id. at 7-8.

Following trial, Stoune asserts that counsel was absent for several weeks, resulting in (among other things) counsel conducting an inadequate mitigation investigation and failing to provide Stoune a copy of his presentence investigation report (PSR). Id. at 8-9. Stoune alleges that counsel also promised to help him recover forfeited property but never did so. Id. at 9. According to Stoune, "[a]ny other counsel would likely have made any number of different decisions that would reasonably or arguable [sic] been likely to change the outcome of the Movants trial." Id. As such, Stoune asserts that counsel's errors prejudiced him, both individually and cumulatively. Id. at 9-10.

As summarized above, in the Amended § 2255 Motion, Stoune throws the kitchen sink at counsel, alleging at least 30 errors or omissions. But Stoune's "kitchen sink" approach has a drawback: while Stoune accuses trial counsel of every conceivable shortcoming, he fails to develop any specific claim. Stoune's listing of all the ways counsel was deficient comes at the expense of offering meaningful detail about any individual claim, such as what facts underpin each purported failure, what made counsel's error objectively unreasonable, and why there is a reasonable probability the outcome of the proceedings would have

been different but for counsel's mistake. Stoune offers little or nothing in the way of such specifics.

Judges in the Southern District of Florida faced with similar "kitchen-sink" type motions have aptly noted that such an approach seems "indicative of a systematic attempt by petitioners around the country to throw as much mud against the wall with the hope that courts will sift through to see what sticks in order to relieve them of their sentences. Our Constitution commands no such inquiry." Martinez v. United States, No. 18-22019-CIV-HUCK, 2018 WL 8807830, at *5 (S.D. Fla. May 22, 2018) (citing Buitrago v. United States, No. 1:96-CR-00067-KMM, 2016 WL 4366486, at *3 (S.D. Fla. Aug. 16, 2016)), report and recommendation adopted, No. 18-22019-CIV-HUCK, 2018 WL 8808137 (S.D. Fla. Jun. 26, 2018).

Notably, "[t]here is a strong presumption that counsel's performance was reasonable and adequate," Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir. 2005), and that presumption is even stronger where, as here, the defendant was represented by an experienced lawyer, Chandler v. United States, 218 F.3d 1305, 1316 (11th Cir. 2000) (en banc).[4] "To overcome that presumption, 'a petitioner must establish that no competent counsel would have taken the

---

[4]   At trial, Stoune was represented by Maurice Grant of the Federal Public Defender's Office. Mr. Grant is an assistant federal public defender with more than two decades of experience in criminal defense.

action that his counsel did take.'" <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting <u>Chandler</u>, 218 F.3d at 1315). Given the strong presumption of counsel's competence, a petitioner is not entitled to an evidentiary hearing, let alone habeas relief, "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (internal quotation marks and citation omitted).

Ground One of Stoune's Amended § 2255 Motion consists of nothing more than dozens of discrete, conclusory allegations of ineffective assistance of counsel, none of which is supported by specifics. Such conclusory and unspecific allegations are not enough to overcome the strong presumption that defense counsel provided competent assistance. As such, none of the allegations in Ground One warrants an evidentiary hearing, let alone § 2255 relief. Nevertheless, the Court will address some of Stoune's discernible subclaims.

### 1. Failure to challenge the sufficiency of the Superseding Indictment

Stoune claims that counsel failed to challenge the sufficiency of the Superseding Indictment, and that the Superseding Indictment failed to invoke the Court's subject matter jurisdiction. This claim fails on the merits.

"Substantively, for an indictment to be sufficient, it must: (1) present the essential elements of the charged offense; (2) provide the accused notice of the

charge he must defend against; and (3) enable the accused to rely upon any judgment under the indictment for double jeopardy purposes." United States v. Pena, 684 F.3d 1137, 1147 (11th Cir. 2012) (citing United States v. Woodruff, 296 F.3d 1041, 1046 (11th Cir. 2002)). "In determining whether an indictment is sufficient, we read it as a whole and give it a common sense construction." United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir. 2009) (quotations omitted). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998). "Moreover, the constitutional standard is fulfilled by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." United States v. Wayerski, 624 F.3d 1342, 1350 (11th Cir. 2010) (internal quotation marks and citation omitted).

Regarding subject matter jurisdiction, district courts have original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction." United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014) (citing Alikhani v. United States, 200 F.3d 732, 734-35 (11th Cir. 2000)).

Here, counsel had no basis on which to object to the sufficiency of the Superseding Indictment (Crim. Doc. 27). The Superseding Indictment specified that each charge was based on conduct that occurred between March 13, 2015, and April 21, 2015, in the Middle District of Florida. In Count One of the Superseding Indictment, the United States charged that Stoune, using a facility of interstate commerce (i.e., the internet), knowingly attempted to persuade, induce, entice, and coerce someone whom Stoune believed to be a minor to engage in sexual activity that would be a crime under Florida Statutes Section 800.04(4), in violation of 18 U.S.C. § 2422(b).[5] In Count Two, it charged that Stoune, in violation of 18 U.S.C. §§ 2251(d)(1)(A), (d)(2)(B), and (e), knowingly made and published

> notices and advertisements seeking and offering to receive and produce visual depictions, the production of which visual depictions involved the use of a person whom defendant believed to be a minor engaging in sexually explicit conduct and which depictions would be of such conduct, and such notices and advertisements were

---

[5]   The elements of attempted enticement of a minor to engage in illegal sexual activity are: (1) the defendant knowingly intended to persuade, induce, entice, or coerce a minor to engage in illegal sexual activity; (2) the defendant used a facility of interstate commerce to do so; (3) the defendant believed at the time that the minor was less than 18 years old; (4) had the sexual activity occurred, one or more of the individuals engaged in the activity could have been charged with a crime under state law; and (5) the defendant took a substantial step toward committing the offense. 11th Cir. Pattern Crim. Instr. O92.3. The "existence of an actual minor victim is not required for an attempt conviction under § 2422(b), so long as the defendant intended to cause assent on the part of a minor and took a substantial step toward causing assent, not toward causing actual sexual contact." United States v. Jockisch, 857 F.3d 1122, 1129 (11th Cir. 2017) (internal quotation marks and citations omitted).

transported using a means and facility of interstate commerce, that is, by computer via the internet.

Superseding Indictment at 2.[6] In Count Three of the Superseding Indictment, the United States charged that Stoune knowingly attempted to induce or coerce someone he believed to be a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which depictions would have been produced using materials that were transported in interstate commerce, in violation of §§ 2251(a) and 2251(e).[7] In each count, the Superseding Indictment cited the relevant federal statute and tracked the statute's language. A review of the Superseding Indictment establishes that it (1) presented the essential elements of the charged offenses; (2) gave Stoune notice of the charges he had to defend against; and (3) enabled Stoune to rely upon any judgment under the Superseding Indictment for double jeopardy

---

[6]     The offense of advertising for child pornography may be proved by showing: (1) the defendant knowingly made, printed, or published a notice or advertisement seeking or offering (2) to receive or produce any visual depiction involving the use of a minor engaged in sexually explicit conduct, and the visual depiction is of such conduct, and (3) the notice or advertisement was transported using a means or facility of interstate commerce. 11th Cir. Crim. Pattern Instr. O82.1. The offense need not involve an actual minor for the defendant to be guilty. United States v. Caniff, 955 F.3d 1183, 1186 (11th Cir. 2020) (citations omitted).

[7]     The elements of the production of child pornography are: (1) the defendant knowingly produced (2) images of a minor (3) depicting a minor engaging in sexually explicit conduct (4) using a facility of interstate commerce. United States v. Grzybowicz, 747 F.3d 1296, 1305 (11th Cir. 2014). The Eleventh Circuit has held that the crime of attempted production of child pornography need not involve an actual minor. United States v. Lee, 603 F.3d 904, 913 (11th Cir. 2010).

purposes. <u>Pena</u>, 684 F.3d at 1147. As such, counsel had no basis on which to object to the sufficiency of the Superseding Indictment.

Likewise, counsel had no basis on which to object to the Court's subject matter jurisdiction. In each count of the Superseding Indictment, the United States charged Stoune with violating a valid criminal statute contained within the United States Code. In doing so, the Superseding Indictment did all that was necessary to invoke the Court's jurisdiction. <u>Brown</u>, 752 F.3d at 1354. Thus, this claim lacks merit.

### 2.  Failure to raise vindictive prosecution

Stoune contends that counsel should have moved to dismiss the Superseding Indictment as the product of vindictive prosecution. In the original Indictment (Crim. Doc. 1), the United States charged Stoune with a single offense: attempted enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), which carries a 10-year mandatory minimum sentence. Stoune contends that because he declined to plead guilty to the original Indictment, the United States sought and obtained the Superseding Indictment, which added Counts Two and Three, each of which carries a 15-year mandatory minimum sentence. According to Stoune, these facts establish vindictive prosecution.

"Generally, if a prosecutor has probable cause to believe that the defendant committed a crime, 'the courts have no authority to interfere with a prosecutor's decision to prosecute.'" United States v. Kendrick, 682 F.3d 974, 981 (11th Cir. 2012) (quoting United States v. Barner, 441 F.3d 1310, 1315 (11th Cir. 2006)). "Reindictment violates due process whenever a prosecutor adds new charges merely to retaliate against the defendant for exercising statutory or constitutional rights." United States v. Spence, 719 F.2d 358, 361 (11th Cir. 1983) (per curiam). However, "adding new charges based on independent acts, even where the separate acts that prompted the new charges occurred in the same spree of activity, does not create a presumption of prosecutorial vindictiveness." Kendrick, 682 F.3d at 982 (internal quotation marks and citation omitted).

"In this case, the government obtained a superseding indictment against [Stoune] before trial and after [Stoune] declined a plea offer. These facts, without more, do not give rise to a presumption of vindictiveness." United States v. Watson, 400 F. App'x 442, 445 (11th Cir. 2010). In Bordenkircher v. Hayes, the Supreme Court explained that a prosecutor does not violate a defendant's right to due process simply by obtaining a superseding indictment after the defendant rejects a plea offer. 434 U.S. 357, 363-65 (1978). "[T]he additional charges contained in the superseding indictment [against Stoune] were for independent acts within the same spree of activity, and [Stoune] has

not presented any evidence of actual vindictiveness." <u>Watson</u>, 400 F. App'x at 445. Accordingly, Stoune has failed to show that counsel performed deficiently by failing to seek dismissal of the Superseding Indictment on the basis of vindictive prosecution.

### 3.  Failure to raise a Speedy Trial Act violation

Stoune contends that trial counsel failed to seek dismissal of the Superseding Indictment on the ground that his rights under the Speedy Trial Act were violated. In support, Stoune asserts that he was not brought to trial within 70 days of being indicted. Amended § 2255 Motion at 5. The Speedy Trial Act provides:

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). This 70-day period does not include time that is excludable under § 3161(h).

Stoune's rights under the Speedy Trial Act were not violated. He was first indicted on June 18, 2015, but he did not make an initial appearance before a judicial officer of this Court until August 25, 2015 – the day he was arrested pursuant to a federal arrest warrant. (<u>See</u> Crim. Doc. 8, Minute Entry for Initial

Appearance). Under § 3161(c)(1), the 70-day time-to-trial period did not start running until August 25, 2015. On September 21, 2015, the Court continued Stoune's trial on Stoune's motion because the Court found that a continuance would serve the ends of justice. <u>See</u> 18 U.S.C. § 3161(h)(7)(A); (Crim. Doc. 19, Minute Entry of Sept. 21, 2015, Status Conference). In doing so, the Court continued the trial until the term commencing January 4, 2016, stating that "[a]ll time from now until the end of the January 2016 trial term shall be excludable time." Minute Entry of Sept. 21, 2015, Status Conference. On December 14, 2015, the Court again continued the trial – on Stoune's motion – until the term commencing February 1, 2016, finding that the ends of justice served by the continuance outweighed the speedy trial interests of both the defendant and the public. (Crim. Doc. 25, Minute Entry of Dec. 14, 2015, Status Conference). Finally, on February 1, 2016, the parties jointly moved to continue the trial in light of the return of the Superseding Indictment, which the Court also granted. (Crim. Doc. 31, Order Granting Joint Oral Motion to Continue Trial). The Court continued the trial until March 1, 2016, to allow time for trial preparation, once again finding that doing so served the ends of justice. <u>Id.</u> The three continuances – all of which Stoune requested or supported – accounted for 163 days of excludable time under § 3161(h) (running from September 21, 2015, through March 1, 2016). The trial began on March 22, 2016, after at most 47 days of non-excludable time had passed – well within the 70 days required

by § 3161(c)(1). As such, Stoune's rights under the Speedy Trial Act were not infringed, giving counsel no reason to seek dismissal of the charges on that basis.[8]

### 4. Failure to investigate witnesses

Stoune contends that counsel failed to investigate unnamed witnesses or other evidence. However, he does not detail who these witnesses are or what testimony any such witness would have given.

"Complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978).[9] Even if counsel's failure to call a witness "appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it." Dingle v. Sec'y, Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007) (quotation marks omitted). Thus, "[t]he mere fact that other witnesses might have been available ... is not

---

[8]    Even if the Speedy Trial Act had been violated, the remedy would not necessarily have been dismissal of the charges with prejudice. Given the seriousness of the offense and the lack of evidence that Stoune was prejudiced by any delay, the Court likely would have permitted Stoune to be reindicted. See 18 U.S.C. § 3162(a)(1); United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984).

[9]    Decisions of the former Fifth Circuit Court of Appeals that were issued on or before September 30, 1981 are binding in the Eleventh Circuit Court of Appeals. Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981).

a sufficient ground to prove ineffectiveness of counsel." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1514 (11th Cir. 1995) (en banc) (citation omitted). Additionally, "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." <u>United States v. Ashimi</u>, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted) (cited by <u>Estiven v. Sec'y, Dep't of Corr.</u>, No. 16-14056-D, 2017 WL 6606915, at *4 (11th Cir. Sept. 28, 2017) (denying COA)).

Stoune fails to identify any purportedly helpful witness, much less provide an affidavit or proffer of testimony from any such unnamed witness setting forth what testimony the witness would have given. Thus, Stoune offers no evidence that, even if these unidentified witnesses had testified, the testimony provided would have affected the outcome of trial. Significantly, the Eleventh Circuit has held that "speculation that the missing witnesses would have been helpful" "is 'insufficient to carry the burden of a habeas corpus petitioner.'" <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1187 (11th Cir. 2001) (quoting <u>Aldrich v. Wainwright</u>, 777 F.2d 630, 636 (11th Cir. 1985)). Because "self-serving speculation" that the witnesses' testimony would have been favorable "will not sustain an ineffective assistance claim," <u>Ashimi</u>, 932 F.2d at 650, Stoune is not entitled to relief on this claim.

### 5. Sufficiency of the evidence regarding the interstate commerce element

Liberally construing Stoune's allegations, the Court interprets Ground One as asserting that counsel failed to object to the sufficiency of the evidence regarding a nexus between Stoune's conduct and interstate commerce. Amended § 2255 Motion at 5. This claim lacks merit.

The charge in Count One – attempted enticement of a minor to engage in illegal sexual activity – requires proof that the defendant used a facility of interstate commerce to induce, entice, persuade, or coerce a minor. 18 U.S.C. § 2422(b). Likewise, the charge in Count Two – advertising for child pornography – requires proof that a defendant used a facility of interstate commerce to transport a "notice" or "advertisement" to receive or produce child pornography. 18 U.S.C. § 2251(d)(2)(B). "The internet is an instrumentality of interstate commerce." United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004). Similarly, communications sent via text message involve the channels or instrumentalities of interstate commerce. United States v. Baston, 818 F.3d 651, 664 (11th Cir. 2016).

The evidence at trial showed that Stoune initiated contact with "Emily" on Whisper, an internet application, and continued to communicate with her by text message or email. (Crim. Doc. 88, Trial Transcript Vol. I at 248-311; Crim. Doc. 87, Trial Transcript Vol. II at 6-60; Gov't Ex. 3 (Whisper messages); Gov't

Ex. 5 (Text Message Log)). For over five weeks, Stoune discussed sexual topics with "Emily," sent her images and videos of his genitalia, sought explicit pictures of her, discussed establishing a BDSM relationship with her, and arranged to meet her in person. Stoune accomplished all of these communications either over the internet or by text message. This evidence established that Stoune used a facility of interstate commerce to attempt to entice a minor to engage in illegal sexual activity and to solicit explicit images from someone he believed was a minor.[10]

The charge in Count Three – attempted production of child pornography – could be proved by showing that an image of child pornography "was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2251(a). The evidence at trial showed that Stoune's Sony camera, which he brought with him when he attempted to rendezvous with "Emily," was manufactured in China. Trial Tr. Vol. II at 122-24. The jury

---

[10]   In Caniff, applying the rule of lenity, the Eleventh Circuit Court of Appeals held that a defendant's private person-to-person text messages did not qualify as a "notice" or "advertisement" for purposes of § 2251(d). 955 F.3d at 1187-93. Notably, however, Stoune does not argue that his messages with "Emily" did not meet the definition of a "notice" or "advertisement," or that counsel was ineffective for failing to raise this specific argument. Indeed, defense counsel did argue to the jury that the messages to "Emily" were not a "notice" or "advertisement." (Crim. Doc. 89, Trial Transcript Vol. III at 48-49). Moreover, Caniff was not decided until after Stoune's conviction and sentence had become final. As Caniff's "back-and-forth, tennis-match-ish analysis indicates," 955 F.3d at 1191, it was not clear before Caniff that private text messages did not count as a "notice" or "advertisement."

concluded by its verdict that Stoune intended to use that camera to take sexually explicit images of "Emily." Therefore, the evidence was sufficient to establish a nexus with interstate or foreign commerce as to Count Three as well. See United States v. Ruggiero, 791 F.3d 1281, 1289 n.8 (11th Cir. 2015) (finding that the interstate commerce element was satisfied where the defendant's cell phone, which was used to take illicit images of a minor, was manufactured in China (citations omitted)). Because the evidence was sufficient to establish a nexus with interstate commerce as to each charge, counsel was not ineffective for not raising this issue.

### 6. Failure to object to improper testimony and arguments

Stoune claims that counsel performed deficiently by not objecting when, during closing arguments, the prosecutor referred to the "fictional character [Emily] as a 'child.'" Amended § 2255 Motion at 7. Stoune also claims that counsel performed deficiently by permitting a lay witness to testify about the use of certain terms and Stoune's intent in using a fake name. Id.

As noted earlier, Stoune argued on direct appeal that he was deprived of a fair trial because the Court failed to give a curative instruction after the prosecutor made an improper closing argument. Stoune, 694 F. App'x at 689. Stoune argued that it was inappropriate when, on rebuttal, the prosecutor rhetorically asked the jury: "Is there anyone who doesn't believe that if the

defendant had met the child, that sex would not have occurred?" <u>Id.</u> Stoune claimed that the use of the term "child," when there was no actual minor, suggested that Stoune was a statutory rapist. <u>Id.</u> at 690. Second, Stoune "argue[d] that the district court erred by permitting Sergeant Gazdick to testify concerning why a subject he met online would provide a false name" because Sergeant Gazdick "was not qualified as an expert." <u>Id.</u> at 690-91.

The Eleventh Circuit rejected both arguments. As to the first issue, the court ruled that even if the prosecutor's closing remarks were improper, they were not so pronounced that they permeated the entire trial. <u>Id.</u> at 690. The court further explained that "[i]n light of the overwhelming evidence of guilt produced at trial, including as to Stoune's intent, there is no reasonable probability that, but for the remarks, the outcome of the trial would have been different." <u>Id.</u> (citation omitted). As to the second issue, the court ruled that this Court did not abuse its discretion in admitting Sergeant Gazdick's opinion testimony on redirect. <u>Id.</u> at 691. The court of appeals explained that Stoune's intent was a central issue, and that "specialized knowledge is not required to understand that individuals who are knowingly engaged in criminal activity often provide false names in order to avoid being caught." <u>Id.</u> The court further reasoned "that the admission of Detective Gazdick's testimony on this issue had little to no influence on the outcome of the case" because "there was more than

enough evidence to support the jury's finding of mens rea, notwithstanding this testimony." Id. (internal citation omitted).

"Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated as a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted). Although the court of appeals did not decide an ineffective assistance claim, it rejected the premises of Stoune's current allegations. The court determined that neither the prosecutor's closing remarks nor Sergeant Gazdick's testimony affected the verdict, given the "overwhelming" evidence that Stoune intended to have sex with a 14-year-old. Id. at 690-91. The court also held that the admission of Sergeant Gazdick's opinion testimony was not improper. Id. at 691. Accordingly, Stoune could not have been prejudiced under Strickland by counsel's failure to object to Sergeant Gazdick's testimony or the prosecutor's closing arguments. Relief on this claim is due to be denied.

### 7. Violation of Stoune's right to testify

Stoune alleges that counsel failed to prepare him to take the stand and denied him the right to testify. However, the record refutes this claim.

A defendant has a constitutional right to testify in his behalf, Rock v. Arkansas, 483 U.S. 44, 51-53 (1987), which only the defendant can waive, United States v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992). "[T]he

appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance of counsel under Strickland...." Id. at 1534. Counsel performs deficiently where he or she "has refused to accept the defendant's decision to testify and refused to call him to the stand, or where defense counsel never informed the defendant of his right to testify and that the final decision belongs to the defendant alone." Gallego v. United States, 174 F.3d 1196, 1197 (11th Cir. 1999). If counsel performed deficiently, the petitioner must further establish prejudice, i.e., a reasonable probability that the outcome of the proceedings would have been different but for counsel's error. Strickland, 466 U.S. at 697.

Contrary to Stoune's allegations, the record shows that Stoune was aware he had the right to testify and that he chose not to do so. On the first day of trial, the Court advised Stoune:

> THE COURT:    All right. Mr. Stoune, I wanted to say one thing to you before we started, and that is that, as you were told at all of your prior appearances, you have the right to testify in this case and you also have the right not to testify.
>
> And you should talk to Mr. Grant about that, but ultimately the decision has to be yours.
>
> Do you understand that, sir?
>
> [STOUNE]:    Yes, ma'am.
>
> THE COURT:    And so if Mr. Grant stands up at the end of the case and announces rest, and you have not

|  |  | testified, then I'm going to understand that you made the affirmative decision not to testify. Do you understand that? |
|---|---|---|
| [STOUNE]: | | Yes, ma'am. |
| THE COURT: | | And is that fair, sir? |
| [STOUNE]: | | Yes, ma'am. |
| THE COURT: | | Okay. And if you do testify, then I'll assume that that was your decision as well. Is that fair? |
| [STOUNE]: | | Yes, ma'am. |

Trial Tr. Vol. I at 202-03.

On the second day of trial, Stoune's attorney advised the Court that he needed "to talk to Mr. Stoune and determine whether or not he wants to testify," and that he would have a decision for the Court that day. Trial Tr. Vol. II at 125. Later in the day, counsel advised the Court that he had spoken to Stoune and that Stoune was not going to testify. Id. at 209. As a result, counsel announced that the defense would not be presenting a case, to which Stoune voiced no objection. Id. Therefore, contrary to Stoune's allegations, the record shows that Stoune chose not to take the stand.

In any event, Stoune fails to establish prejudice. Assuming that Stoune would have testified as set forth in his Affidavit (Civ. Doc. 26-1) and Supplemental Affidavit (Civ. Doc. S-51), he has not established a reasonable probability that the outcome of the trial would have been different. Stoune's

overarching point in the Affidavit is that he did not think "Emily" was actually a 14 year-old girl. Instead, Stoune gives various reasons why he believed her to be a college-aged male internet "troll." In the Supplemental Affidavit, Stoune also seeks to explain why he had sex toys and condoms with him when he attempted to rendezvous with "Emily." However, as the Eleventh Circuit observed on direct appeal, the evidence of Stoune's intent to have sex with a 14-year-old was "overwhelming." Stoune, 694 F. App'x at 690. That evidence included Stoune's explicit messages with "Emily," in which he acknowledged her age and the illegality of his conduct, the images and videos that Stoune sent "Emily" of his genitalia, and the sex paraphernalia he brought with him when he tried to meet "Emily." Stoune's assertion in the Affidavit that he thought "Emily" was actually an internet troll does not explain why he continued to have sexually explicit conversations with her for over a month, and why he sent her images and videos of his genitalia.

Likewise, there is not a reasonable likelihood the jury would have been swayed by Stoune's contrived explanation for why he possessed sex paraphernalia when he tried to meet "Emily." See Supp. Affidavit. The jury heard that Stoune had condoms and sex toys in his front pocket when he was arrested, and that Stoune tried to explain to investigators that the items were birthday presents for a friend. Trial Tr. Vol. II at 101-03, 134. During closing arguments, defense counsel asserted that the sex toys were a gift and that there

was no evidence Stoune intended to use them. Trial Tr. Vol. III at 57-58. Given that the jury was not persuaded by this explanation, there is not a reasonable likelihood his testimony to the same effect would have changed the outcome of the trial. Because there is not a reasonable probability that Stoune's testimony would have changed the jury's verdict, relief on this claim is due to be denied.

### 8.  Failure to conduct a mitigation investigation

Stoune claims that counsel gave ineffective assistance at the sentencing phase by failing to give him a copy of the PSR, failing to produce a mitigation report, and failing to raise other unspecified issues. Amended § 2255 Motion at 8-9. Stoune does not detail what issues counsel failed to raise at sentencing or what the mitigation investigation should have uncovered.[11]

The record refutes Stoune's allegations. On June 9, 2016, defense counsel moved to continue the sentencing hearing so he could share records with the probation officer. (Crim. Doc. 62, Motion to Continue Sentencing Hearing). The records included documents concerning Stoune's discharge from the military,

---

[11]    Before sentencing, Stoune filed a <u>pro se</u> motion in which he complained that counsel had failed to gather evidence and requested that the Court appoint new counsel to "preserve" evidence before it was destroyed. (Crim. Doc. 64, Pro Se Motion for New Counsel). A Magistrate Judge held a hearing on the motion on August 3, 2016. (Crim. Doc. 90, Motion Hearing Transcript). The Court concluded that the appointment of new counsel for sentencing was not warranted. <u>Id.</u> at 23. The Court explained that there had been no breakdown in communication, that counsel was confident he could effectively represent Stoune, and that the Court could not "think of someone who [the Court] would appoint who would do a better job at that sentencing hearing for [Stoune]." <u>Id.</u>

his employment history, his primary and secondary school transcripts, as well as medical records from an endocrinologist with Baptist Health (Stoune has a benign tumor of the pituitary gland). See id. at 2.

At the sentencing hearing, Stoune confirmed, contrary to his current allegations, that he had been given the opportunity to review the PSR with defense counsel and that counsel had answered his questions. (Crim. Doc. 91, Sentencing Transcript at 3). According to the PSR, Stoune's advisory sentencing range was 188 to 235 months in prison, based on a total offense level of 36 and a Criminal History Category of I. Id. at 5. Stoune had no substantive objections to the facts or to the guidelines calculation contained in the PSR. Id. at 3-5.

The United States argued for an upward variance to 264 months, followed by a lifetime term of supervised release. Id. at 13. Defense counsel responded that the offense did not warrant more than a sentence at the low end of the guidelines range. Id. at 18. Defense counsel argued, among other things, that the offense did not involve an actual minor; that the government created the aggravating circumstances of the fictitious minor's age and deafness; that the nature of the offense was not outside the heartland of such crimes; that Stoune had no criminal history; and that the BDSM paraphernalia found in Stoune's car was meant for another woman. Id. at 13-30.

Counsel suggested that the mandatory minimum sentence of 180 months in prison was appropriate. Id. at 21. Counsel pointed out that Stoune was "an

individual who has never been arrested before" and "who has clear … issues in his life." Id. Counsel noted that Stoune was abandoned by his mother as an infant, and that he bounced between caregivers as a young child, until one caregiver left Stoune "to his own wiles" at the age of 10 or 12. Id. Defense counsel recounted how his office "spent a great deal of our initial time" gathering material to determine whether the tumor on Stoune's pituitary gland may have affected his behavior, but concluded they could not present that defense. Id. at 22. Counsel also recounted that his office interviewed Stoune's wife, in-laws, ex-wife, and ex-girlfriend to gather information, and that Stoune's wife suggested he might have had Asperger's syndrome. Id.

Although the Court did not sentence Stoune to the mandatory minimum, defense counsel persuaded the Court not to vary upward from the guidelines. See id. at 37-40. The Court ultimately imposed a mid-guideline range sentence of 210 months in prison followed by 10 years of supervised release. Id. at 40.

The sentencing record establishes that counsel conducted a thorough investigation of Stoune's background and characteristics and capably represented him at sentencing. Ultimately, Stoune's sentence was driven by the facts of the crime. Stoune has failed to show that counsel's performance was deficient or that there is a reasonable probability the Court would have imposed a lesser sentence had counsel conducted a more thorough investigation. Relief on this claim is due to be denied.

### 9. Failure to challenge forfeiture

Lastly, Stoune claims that counsel gave ineffective assistance by failing to seek recovery of forfeited property or assets. Section 2255 does not afford relief as to this claim. Section 2255 offers a remedy to "[a] prisoner <u>in custody</u> under sentence of a court established by Act of Congress claiming <u>the right to be released</u>" on the ground that his sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a) (emphasis added). Thus, § 2255 contemplates challenges to the custodial aspect of a prisoner's sentence. <u>Cf.</u> <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002) (observing that § 2255 relief is not available to a person who is no longer in custody). Indeed, the Eleventh Circuit has held that a challenge to restitution is not cognizable under § 2255 because restitution is not related to a prisoner's custody. <u>Mamone v. United States</u>, 559 F.3d 1209, 1211 (11th Cir. 2009).

Stoune frames the forfeiture claim as one of ineffective assistance of counsel, but that does not change the fact that the <u>remedy</u> Stoune seeks – i.e., relief from a non-custodial aspect of his sentence – is beyond the scope of § 2255. <u>See</u> <u>Saldana v. United States</u>, 273 F. App'x 842, 844 (11th Cir. 2008) (affirming district court's denial of claim that counsel was ineffective in connection with a

forfeiture order because a challenge to forfeiture was beyond the scope of § 2255).[12] Accordingly, relief is not available as to this claim.

## B. Ground Two

In Ground Two, Stoune asserts that 18 U.S.C. § 2422(b), which prohibits the enticement or attempted enticement of a minor to engage in illegal sexual activity, is unconstitutional. Amended § 2255 Motion at 11-17. Stoune alleges that the statute's reach exceeds Congress's Commerce Clause authority, that it is vague and overbroad, that it restricts speech protected by the First Amendment, and that his sentence under the statute violates the Eighth Amendment. Stoune also argues that he did not violate the statute because there was no actual minor or "victim." Id. at 13-14. Stoune further suggests that appellate counsel was ineffective for failing to raise these arguments on direct appeal. Id. at 17.

This claim is procedurally defaulted. "Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or

---

[12]     In any event, Stoune consented to the forfeiture of his camera and iPhone. Sentencing Tr. at 43-44.

sentence on direct appeal," including constitutional claims, "or else the defendant is barred from presenting that claim in a § 2255 proceeding." <u>Id.</u> at 1234 (citations omitted). "A defendant can avoid a procedural bar only by establishing one of two exceptions to the procedural default rule." <u>Id.</u> The first is the cause-and-prejudice exception, under which "a § 2255 movant can avoid application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal <u>and</u> actual prejudice from the alleged error.'" <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting <u>Lynn</u>, 365 F.3d at 1234). The ineffective assistance of appellate counsel may constitute cause to excuse a procedural default. <u>Nyhuis</u>, 211 F.3d at 1344. The second exception is actual innocence, under which "a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." <u>McKay</u>, 657 F.3d at 1196. "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." <u>Id.</u> (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)).

On direct appeal, Stoune could have challenged the constitutionality of 18 U.S.C. § 2422(b), the statute's applicability to his conduct, and the constitutionality of his sentence, but he did not do so. As a result, he has procedurally defaulted these claims.

Stoune has not established that he can avoid the default under the cause-and-prejudice exception. Although he faults appellate counsel for not raising these claims on direct appeal, Amended § 2255 Motion at 17, effective appellate counsel need not raise every non-frivolous issue, Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009) (citing Jones v. Barnes, 463 U.S. 745, 751-54 (1983)). Instead, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones, 463 U.S. at 751-52. Stoune has not shown that it was objectively unreasonable for appellate counsel not to have briefed the issues he identifies now in his direct appeal.

Nor has Stoune established that he can overcome the default under the actual innocence exception. He does not point to any new evidence of innocence in the light of which, more likely than not, no reasonable juror would have found him guilty beyond a reasonable doubt. McKay, 657 F.3d at 1196.

In any event, the claims contained in Ground Two lack merit. Section 2422(b), facially or as applied to Stoune, does not exceed Congress's Commerce Clause authority. The internet and text messaging are instrumentalities of interstate commerce, which Congress has the power to regulate. Hornaday, 392 F.3d at 1311 (internet); Baston, 818 F.3d at 664 (text messaging). The Eleventh Circuit has further held that § 2422(b) is neither unconstitutionally vague nor

overbroad under the First Amendment. <u>Hornaday</u>, 392 F.3d at 1311 ("Speech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime."); <u>United States v. Panfil</u>, 338 F.3d 1299, 1300-01 (11th Cir. 2003). The Eleventh Circuit also has rejected Stoune's argument that an actual minor is required for a defendant to be convicted of violating § 2422(b). <u>United States v. Farley</u>, 607 F.3d 1294, 1325 (11th Cir. 2010); <u>United States v. Murrell</u>, 368 F.3d 1283, 1285 (11th Cir. 2004). Finally, while Stoune claims that his 210-month within-guidelines sentence violates the Eighth Amendment, his claim is unsupported by precedent. <u>See</u> <u>Farley</u>, 607 F.3d at 1336-45 (defendant's 30-year mandatory minimum sentence for crossing state lines with intent to engage in a sexual act with a fictitious 10-year-old did not violate the Eighth Amendment); <u>United States v. Gelin</u>, 810 F. App'x 712, 725 (11th Cir. 2020) (observing that the Eleventh Circuit has never found that a non-capital sentence of an adult violated the Eighth Amendment (citing <u>United States v. Bowers</u>, 811 F.3d 412, 432 (11th Cir. 2016))).

Because the claims raised in Ground Two are both procedurally defaulted and meritless, relief is due to be denied.

## C. Ground Three

In Ground Three, Stoune claims that the Court violated his right to due process in the § 2255 proceedings by denying him free copies of all documents that are "printable and necessary [sic]" for him to pursue unspecified legal remedies. Amended § 2255 Motion at 18. Although this claim does not state a basis for § 2255 relief in and of itself, the Court addresses it here.

Stoune filed several pro se motions in both the criminal case and the civil § 2255 case, in which he sought to proceed in forma pauperis (IFP) and to obtain various documents. (Crim. Doc. 114, Motion to Compel Production of Federal Defender's Case File; Crim. Doc. 115, First Motion to Proceed IFP; Crim. Doc. 116, First Motion for Copies of Documents; Civ. Doc. 27, Second Motion to Proceed IFP; Civ. Doc. 43, Third Motion to Proceed IFP; Civ. Doc. 45, Second Motion for Copies of Documents).

A Magistrate Judge resolved the motions in a pair of orders. (Civ. Doc. 23, Order of Aug. 28, 2018; Civ. Doc. 52, Order of Apr. 9, 2019). The Court denied the Motion to Compel as moot because the Federal Defender's Office had provided Stoune a copy of his file, and there was no indication the file was incomplete. Order of Aug. 28, 2018, at 1-2. The Court denied without prejudice Stoune's First Motion to Proceed IFP and First Motion for Copies of Documents

because Stoune had provided no information about his financial status and did not narrow his request for documents. Id. at 2-5.

Later, the Court granted the Second and Third Motions to Proceed IFP to the extent Stoune was allowed to proceed as a pauper, but denied his requests for additional free copies of transcripts. Order of Apr. 9, 2019.[13] The Court noted that Stoune had already received, through appellate counsel, copies of transcripts from the jury trial, the August 3, 2016 motion hearing, and the sentencing. Id. at 3-4. With respect to other documents, the Court stated that "Congress has not authorized the expenditure of public funds for record documents for a § 2255 action." Id. at 4. Regarding due process, the Court explained that an indigent prisoner has no absolute right to free copies of court records. Id. at 4-5 (citing, inter alia, United States v. MacCollom, 426 U.S. 317, 321, 327-28 (1976) (plurality); United States v. Herrera, 474 F.2d 1049, 1049 (5th Cir. 1973)). The Court further observed that Stoune had not been deprived of the ability to fairly present his claims, as evidenced by his Amended § 2255 Motion and other filings. Id.

For the reasons stated in the Magistrate Judge's Orders (Civ. Docs. 23, 52), Stoune has not been denied due process or access to the Court.

---

[13]   Stoune also filed a "bare bones" motion on the criminal docket seeking certain documents from the United States, which the Court also denied. Id. at 1.

### III.   Certificate of Appealability

The undersigned opines that a certificate of appealability (COA) is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Stoune "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Jon Christopher Stoune's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 25) is **DENIED**.

2. Stoune's request for appointment of counsel (Civ. Doc. 53) is **DENIED** as unsupported by the interests of justice. 18 U.S.C. § 3006A(a)(2).

3. The Clerk is directed to enter judgment in favor of the United States and against Stoune, and close the file.

4. If Stoune appeals the denial of the petition, the Court denies a COA. Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of February, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner